[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS AND ORDERS RE DISSOLUTION
Plaintiff has been a resident of the State of Connecticut for more than one year before the bringing of this action. The court has jurisdiction.
1. Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown.
2. The parties shall share joint custody of their daughter, Nikki, born CT Page 8527 September 26, 1993, and son, Matthew, born December 9, 1994; primary residence will be with the plaintiff.
3. The defendant, Ronald Lyss, shall have open and flexible visitation within the State of Connecticut. Defendant may have visitation with the children in Florida during the Christmas — New Years holiday season in each odd-numbered year from December 26 to the following January 2. Defendant may have visitation with the children each year during the Spring school vacation period. All transportation costs incident to visitation shall be paid by defendant. When the children visit defendant in Florida and while the children are too young to travel unaccompanied by an adult, defendant or some other suitable person shall accompany the children on any airline, railroad, or bus to and from Florida at defendant's expense.
4. Defendant shall pay $34 per week to the plaintiff in child support. Such amount is in addition to the amounts being paid by the Social Security Administration by virtue of defendant's disability.
5. The court finds the defendant's attitude and conduct is largely responsible for the breakdown of the marriage.
6. Defendant shall transfer to the plaintiff by quitclaim deed all his right, title, and interest in the property known as 12 Buckingham Avenue, Old Saybrook, Connecticut. Plaintiff shall indemnify and save harmless defendant for all mortgage and tax indebtedness on the property.
7. Defendant shall pay alimony of $1 per year to the plaintiff. Said alimony obligation shall terminate on the death of either party, plaintiff's remarriage, or the attainment of 18 years of age by both children, whichever occurs first.
8. Defendant is the sole owner of a single premium endowment policy (Equitable Policy Number 35 045 941) which now has a death benefit of $2,177,229. The cash value of the policy as of December 15, 2001 was $526,762.09. As of the December 15, 2001. there were loans against that policy in the amount of $377,998.79. The net cash surrender value was $183,833.74 as of December 15, 2001.
9. Defendant shall have plaintiff designated as beneficiary of the death benefit in an amount not less than $1,000,000. Defendant shall not take any action, or fail to take any action, the result of which is a diminution of the said $1,000,000.00 death benefit for the plaintiff.
10. Defendant shall have the children designated as equal beneficiaries CT Page 8528 of the death benefit remaining after satisfaction of the plaintiff's $1,000,000.00 death benefit. For so long as one of the children is a minor, plaintiff shall be trustee of such death benefits designated for the children.
11. Defendant shall pay plaintiff $3,500.00 forthwith.
12. Defendant shall retain all his right title and interest in the property known as 923 Nautilus Isle, Dania Beach, Florida.
13. Each party shall be solely responsible for the debts shown on his/her financial affidavit.
14. Counsel are directed to prepare the judgment file.
Parker J.